UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.H., by and through M.A., | No. 2:20-cv-00292-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| GOLDEN PLAINS UNIFIED SCHOOL DISTRICT, and VINCE GONZALEZ, an individual, | |
| Defendants. | |

Plaintiff moves for a 60-day extension of time to effectuate service of the summons and complaint upon defendants. Plaintiff alleges bullying and harassment of plaintiff by other students based upon plaintiff's disabling condition. Having thoroughly considered the motion, counsel's declaration, memorandum and the ongoing developments with respect to the coronavirus (COVID-19) pandemic affecting closure of public buildings, the court GRANTS plaintiff's motion.

I.  BACKGROUND

On February 7, 2020, plaintiff filed the initial complaint in this action. Compl., ECF No. 1. On February 10, 2020, the court issued a summons. Summons, ECF No. 3. Plaintiff attempted, unsuccessfully, to effectuate service upon defendants via personal delivery using the services of a registered process service on March 31, April 2 and April 7. Jay T. Jambeck Decl.

1

¶ 2, ECF No. 7.  On each occasion, defendant's offices were closed with no one available to accept service due to COVID-19-related temporary closure of operations.  *Id*.

On May 4, 2020, plaintiff filed a motion for extension of time to effectuate service of the summons and complaint upon defendants within sixty-days from May 7, 2020.  Mot., ECF No. 5 at 1.

II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4.

Accordingly, upon plaintiff's showing of good cause for the failure to effect timely service, "[d]istrict courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

III.    DISCUSSION

Plaintiff asserts good cause exists for failure to effect timely service by May 7, 2020.  Mem. P. & A., ECF No. 6 at 2.  In light of the COVID-19 pandemic, attempts to serve defendant have been unsuccessful as schools have closed their facilities.  Mot. at 1–2. Specifically, plaintiff has continued to monitor the status of defendant's operations and defendant's website informs the public it will remain closed through May 15, 2020.  Jay T. Jambeck Decl. ¶ 3.  Moreover, on May 4, 2020, plaintiff called defendant's main line and was unable to leave a message because the voice mail box was full.  *Id*. ¶ 4.  Assessing the totality of the record before it, the court concludes plaintiff has shown good cause exists for granting a sixty-day extension from May 7, 2020 for plaintiff to attempt to effect service on defendant.

IV.    CONCLUSION

Accordingly, the motion for extension of time is GRANTED.  This order resolves ECF No. 5.

1          IT IS SO ORDERED.

2  DATED: May 6, 2020.

3
4                                    _____
                                     CHIEF UNITED STATES DISTRICT JUDGE